## COMMONWEALTH *vs.* GEORGE J. HOMER & another.

The provision in Rev. Sts. *c.* 143, § 51, for the punishment of prisoners who forcibly break prison, with intent to escape, or by force or violence attempt to escape therefrom, although no escape be effected, does not apply to prisoners who are held in custody for trial, or for not obtaining bail for their appearance, but only to convicts who are sentenced to a term of imprisonment as a punishment, and are confined in pursuance of the sentence.

GEORGE J. HOMER and Ezekiel S. Kent were tried, and found guilty by a jury, in the municipal court, at the December term, 1842, on an indictment which alleged that they, being lawfully detained in the jail in Boston, on the 3d of December 1842, with force and arms, did unlawfully, wilfully and forcibly break the said jail, with intent to escape therefrom, and did attempt, by force and violence, to escape from said jail and go at large, although no escape was effected. It appeared from the averments in the indictment, that at the time of the alleged breaking and forcible attempt to escape, the defendants were detained in said jail on a mittimus, by reason of their severally failing to give bail for their appearance at the municipal court, to answer to indictments found against them severally, as hereinafter stated in the opinion of the court.

The judge of the municipal court, after the jury returned their verdict, reported the case for the decision of this court, on the question of law raised by the defendants' counsel, and thereupon all further proceedings in that court were stayed.

*Bancroft,* for the defendants. The question in this case arises on Rev. Sts. *c.* 143, § 51, which provide that " if any person lawfully imprisoned for any cause in any prison or place of confinement lawfully established, other than the state prison, shall forcibly break the same, with intent to escape, or shall by force or violence attempt to escape therefrom, although no escape be effected, he shall be punished by imprisonment, &c., not more than one year, in addition to *any term for which he was held* in prison, at the time of such breaking or attempt to escape." This provision can apply only to convicts who are confined on sentence. The time during which a prisoner is held for want of bail, &c., cannot be called a " term," for it is of uncertain duration.

Commonwealth v. Homer & another.

*Austin*, (Attorney General,) for the Commonwealth. The 49th and 50th sections of *c*. 143 of the Rev. Sts. provide for the punishment of persons imprisoned under sentence, who break prison and escape. The 51st section extends to all persons "lawfully imprisoned"; and the provision, that their punishment, on conviction of a breach of prison, or of a forcible attempt to escape, although no escape is effected, shall be by imprisonment in addition to the term for which they were previously held, pre sents no insuperable objection, in the present case. The time can be ascertained by reference to the term of the court at which the defendants were required to give bail to appear.

SHAW, C. J. These prisoners are indicted on the Rev. Sts. *c*. 143, § 51, and in the indictment it is alleged, that they were lawfully imprisoned in the common jail in this county, for the causes specially stated, and the indictment charges them severally with having broken the said prison, with intent to escape, and that they attempted with force and violence to escape, though no escape was effected. The learned judge of the municipal court, having instructed the jury, that in his opinion the offence charged was an indictable offence within the statute, yet believing the question to be very important and somewhat doubtful, reserved the case, and reported it to this court, for its opinion, pursuant to the provision of Rev. Sts. *c*. 138, § 12.

The question depends on several sections of the revised statutes, the principal provisions of which are taken from *St.* 1834, *c*. 151, § 14. The question is, whether persons, not convicts under sentence as a punishment for crimes, but persons confined for trial, for want of bail, and the like, are amenable for an attempt by force and violence to escape, or for breaking jail with intent to escape, when no escape is effected.

In construing a single statute provision, when the language is doubtful or ambiguous, it is proper to consider it in connexion with the whole of the same statute, and with other statutes on the same subject. The Rev. Sts. *c*. 143, § 49, provide, that " if any person, lawfully imprisoned in any jail or house of correction, under sentence of confinement at hard labor, shall break such prison and escape, he shall be punished by imprisonment in

the state prison or county jail, not more than three years, in addition to the unexpired portion of the time, for which he was originally sentenced." On this section it is observable, that it is confined, in terms, to one under sentence to confinement *at hard labor*, actually breaking out and escaping, and directs the further term to be suffered, not according to the first sentence, in a house of correction, but in the state prison or county jail.

Section 50 provides for the case of one " lawfully imprisoned in any jail, house of correction, or house of industry, for any cause not mentioned in the preceding section," who shall actually " break such prison and escape " ; and it provides for his punishment " by imprisonment not more than one year, in addition to the unexpired portion of *the term*, for which he was originally sentenced."

Though the former part of this section is large enough, in its terms, to include the cases of persons lawfully imprisoned, but not under conviction and sentence, yet the latter words seem to confine it to the case of a person under sentence for some term ; and thus limited, it applies to the cases of persons sentenced for crime, but not to hard labor. This construction is fortified by reference to *St.* 1834, *c.* 151, § 14, from which both of the foregoing provisions are taken, with no other alteration than a slight change of phraseology. In this, the provision corresponding with the second of the above, viz. persons other than those sentenced to hard labor, the words are, " if any other *convict* shall escape," &c., clearly indicating, with the clause for punishment in addition to the term, &c., that it was intended to apply only to the case of persons convicted and sentenced.

Then comes § 51, on which this indictment is founded ; which is a new provision, and not taken from any preëxisting statute. It provides, that " if any person, lawfully imprisoned for any cause, in any prison or place of confinement established by law, other than the state prison, shall forcibly break the same, with intent to escape, or shall by any force or violence attempt to escape therefrom, although no escape be effected, he shall be punished by imprisonment in the county jail or house of correction, not more than one year in additron to any term for which

47 *

he was held in prison, at the time of such breaking or attempt to escape."

If this provision stood alone, there would be some reason to hold that it extended to all persons lawfully confined in prison. But here is the same provision, that he shall be punished by imprisonment for a term, in addition to any term for which he was held in prison ; implying that he was held for some fixed or certain term, by some order or sentence. But a more decisive consideration is, that by this construction, one would be punishable for an unaccomplished intent, or an unsuccessful attempt to do an act, where the actual doing of it would not subject the party to punishment ; an intention, which is not to be attributed to the legislature, unless clearly expressed.

Taking these enactments together, as parts of an entire system, it appears to us, that they are harmonious and consistent. The first imposes a severe punishment upon one convicted and sentenced to hard labor, who shall break out and escape ; the second imposes a less severe punishment upon a person sentenced to imprisonment, but not to hard labor, who shall actually break out and escape ; the third applies to a convict of either class, who shall commit an overt act of breaking prison, with intent to escape, or by open force or violence *attempt* to escape, without accomplishing it.

We are therefore of opinion, that the unsuccessful attempt to break jail and escape, by one who is held in custody for trial, or for non-compliance with an order to get bail for his appearance, is not an indictable offence under this statute.

In applying this construction of the statute to the present case, it appears that George J. Homer was committed by a warrant from the municipal court, to answer to an indictment found against him for larceny in a shop, to a large amount, and failing in complying with an order to recognize with surety in the sum of $ 200, to appear in said court and take his trial on that indictment. It appears, therefore, that according to the construction stated, he was not liable to the penalty of the above statute, not being convicted of any offence, nor sentenced to any punishment.

It also appears that Ezekiel S. Kent was committed under a

warrant from the municipal court, to answer to an indictment for having tools for counterfeiting, and because he had failed to comply with an order to give bail, in the sum of $ 1000.   His case, therefore, is not within the statute.

In both cases, therefore, that of George J. Homer and Ezekiel S. Kent, the judgment on this indictment must be arrested ; and they are ordered to go thereof without day.